**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL EDWARD MEYERS,** | : | **Civil No. 1:12-CV-1276** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GARY D. ALEXANDER, JR.,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

I.      **Statement of Facts and of the Case**

This matter comes before the court for a second screening review of an amended complaint in a *pro se* civil action.

On July 3, 2012, the plaintiff filed a *pro se* complaint with this court. (Doc. 1.) This complaint named twenty defendants, consisting of the Secretary of the Department of Public Welfare, Gary Alexander, and approximately 19 other individuals who appear to be officers and employees of a health care facility called the South Mountain Restoration Center. Meyer's initial complaint alleged, in a one-page handwritten narrative, without any further factual recitals, that the defendants

1

collectively "committed acts of fraud by allowing non-stop fraudulent practices to continue . . . in excess of $40 million dollars." (Id.)

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On July 9, 2012, we recommended that the court grant this motion for leave to proceed *in forma pauperis*, but dismiss the complaint for failure to state a claim upon which relief can be granted without prejudice to allowing the plaintiffs to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. (Doc. 4.)

Mr. Meyers has now filed a document which he has styled as an amended complaint. (Doc. 5.) At 73 pages, this document adds length to the original one page complaint, but appears to still be fatally lacking in context, content, and a coherent narrative thread, elements which would be essential to allowing the lawsuit to move forward in a meaningful fashion. Thus, this 73 page pleading consists of a two-page complaint, which does not clearly identify the parties to this litigation; (Id., pp.1-2), followed by a six-page letter which makes sweeping allegations of conspiracy, homicide, fraud, and employment discrimination, but fails to consistently identify who was allegedly involved in these episodes. (Id., pp. 3-8.) These assertions, in turn, are accompanied by 64 pages of notes, letters, e-mails, calendar entries and other miscellaneous documents. (Id., pp.9-73.)

Mr. Meyer's prayer for relief is also unclear.  In fact, at various points it appears that Meyers wishes to file either a *qui tam* action, a civil rights lawsuit, an employment discrimination claim, or a criminal complaint. (<u>Id</u>.)

While we appreciate the difficulties that a *pro se* litigant confronts when attempting to articulate what may be a complex series of allegations, we are constrained to conclude that Mr. Meyer's current attempt to file this *pro se* action still fall short of the pleadings standards required in federal court.   Therefore, we recommend that this amended complaint be dismissed, with further and more detailed instructions to Mr. Meyers regarding the requisites for a proper pleading in federal court.

## II.   <u>Discussion</u>

### A.   <u>Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review</u>

This court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.   <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).  Specifically, the court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure

to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.   Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).   However, a court "need not credit a

complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth. While legal

conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In  practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. In this regard, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", Id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett

7

v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos

v. Cohen. supra;  Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of

Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).[1]

Moreover, where, as here, a plaintiff alleges that defendants engaged in acts of

fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that:  "In alleging

fraud . . . , a party must state *with particularity* the circumstances constituting fraud.

. . ." Fed. R. Civ. P. 9(b)(emphasis added).  Thus:

> [A]llegations of fraud must comply with Federal Rule of Civil Procedure
> 9(b), which requires that allegations of fraud be pled with specificity. In
> order to satisfy Rule 9(b), plaintiffs must plead with particularity "the
> 'circumstances' of the alleged fraud in order to place the defendants on
> notice of the precise misconduct with which they are charged, and to
> safeguard defendants against spurious charges of immoral and
> fraudulent behavior.". Plaintiffs may satisfy this requirement by
> pleading the "date, place or time" of the fraud, or through "alternative
> means of injecting precision and some measure of substantiation into
> their allegations of fraud." *Plaintiffs also must allege who made a*
> *misrepresentation to whom and the general content of the*
> *misrepresentation*.

Lum v. Bank of America, 361 F.3d 217, 223-4 (3d Cir. 2004)(citations omitted,

emphasis added).

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to
allowing the litigant the opportunity to amend and cure any defects. In such
instances, the failure to timely submit a proper amended complaint that complies
with the strictures of Rule 8 may then warrant the dismissal of the complaint with
prejudice. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v.
New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v.
Cohen. supra;  Scibelli v. Lebanon County, supra;

Accordingly,  "[p]ursuant to Rule 9(b), a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper story."' Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990)). 'Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."' In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 216 (3d Cir.2002) (quoting In re Nice Sys., Ltd. Secs. Litig., 135 F.Supp.2d 551, 577 (D.N.J.2001), emphasis supplied)." Animal Science Products, Inc. v. China Nat. Metals & Minerals Import & Export Corp., 596 F.Supp.2d 842, 878 (D.N.J. 2008).

### B.   Gary Alexander, the Secretary of the Department of Public Welfare Should be Dismissed from this Action

Judged against these legal benchmarks, Mr. Meyers' amended complaint still fails in several important respects.  At the outset, the amended complaint names the Secretary of the state Department of Public Welfare as a defendant but is devoid of any well-pleaded allegations describing this defendant's personal involvement in any alleged wrongdoing.  This is a fatal flaw in this pleading since it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was an agency supervisor when the incidents set forth in the complaint

occurred.  Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendant actively deprived him of a right secured by the Constitution.  Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980).  Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice.  Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to agency supervisors it is well-established that:

> "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

> Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A

public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution

Ashcroft v. Iqbal,  129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them*. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006)(emphasis added).

With respect to  defendant Alexander, it is completely unclear what actions he is alleged to have taken, and when he is alleged to have taken those actions.  Indeed, while this defendant is named in the caption of the complaint, there are no further specific well-pleaded factual recitals regarding his conduct in the body of this pleading which would permit a finding of supervisory responsibility.  This failure to

11

articulate in the complaint a basis for holding this supervisory defendant accountable for some violation of the Constitution also requires dismissal of this defendant from this lawsuit.  <u>See</u> <u>Hudson v. City of McKeesport</u>, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case); <u>Thomas v. Conway</u>, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal).  Indeed, in this case, without the inclusion of some further well-pleaded factual allegations, the assertions made here fail to meet the threshold defined by law since they are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice."  <u>Ashcroft v. Iqbal</u>, <u>supra.</u>

**C.   <u>Meyers May Not Use a Civil Lawsuit To Compel a Criminal Prosecution</u>**

In addition, Meyers' civil complaint seems to seeks criminal prosecution of various persons for alleged violations of state and federal law.  Mr. Meyers may not use a civil lawsuit as a vehicle to compel a criminal prosecution.  Quite the contrary, it is beyond dispute that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat.  Indeed, it has long been recognized that the exercise of prosecutorial

discretion is a matter, "particularly ill-suited to judicial review." <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985).

### D. The Plaintiff's Amended Complaint Fails to Comply with the Requirements of Rule 8 and Still Fails to Allege Fraud With Particularity, as Required by Rule 9(b)

Furthermore, in this case, we find that the dismissal of this amended complaint is also warranted because the amended complaint fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." As we have noted, "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", <u>Id.</u>, or when a complaint "is also largely unintelligible," <u>Stephanatos v. Cohen</u>, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. <u>See, e.g.</u>, <u>Mincy v. Klem</u>, 303 F. App'x 106 (3d Cir. 2008); <u>Rhett v. New Jersey State Superior Court</u>, 260 F. App'x 513 (3d Cir. 2008); <u>Stephanatos v. Cohen</u>. <u>supra</u>; <u>Scibelli v. Lebanon County, supra</u>; <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Here we have found that much of Meyers' amended complaint remains largely unintelligible, a finding which compels dismissal of the complaint under Rule 8.

In addition, in this case, the plaintiff has continued to fail to allege fraud, with particularity, as he is required to do under Rule 9(b).  Since "a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper story," ' Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990))," In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 216 (3d Cir.2002), the failure to set forth clear, concise and coherent factual averments in support of these serious allegations compels dismissal of the complaint in its current form.

By way of further guidance, it is incumbent upon Mr. Meyers to prepare a complaint which at a minimum accomplishes the following basic goals:  First, any amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

Second, any amended complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The complaint should

14

set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should name proper defendants, specify the offending actions taken by each particular defendant, be signed, and indicate the nature of the relief sought.  Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

Third, with respect to allegations of fraud, Mr. Meyers "must state *with particularity* the circumstances constituting fraud. . . ." Fed. R. Civ. P. 9(b)(emphasis added) and as "a plaintiff averring a claim in fraud must specify ' "the who, what, when, where, and how: the first paragraph of any newspaper story," ' Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir.1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990))," In re Rockefeller Ctr. Props. Secs. Litig., 311 F.3d 198, 216 (3d Cir.2002).

Finally, the court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the court to determine its legal sufficiency.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.      This Amended Complaint Should be Dismissed Without Prejudice

In sum, in its current form this amended complaint still fails to allege fraud with particularity and contains insufficient well-pleaded factual averments relating to the activities of the twenty defendants named in this *pro se* pleading, flaws which call for dismissal of this amended complaint, as drafted.  While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiff be given a final opportunity to further litigate this matter by endeavoring to promptly file a second amended complaint.  We recommend this course mindful of the fact that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient amended complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's amended complaint be dismissed without prejudice to the plaintiff

endeavoring to correct the defects cited in this report, provided that the plaintiff acts

within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of August 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge